McFaRLAND, J.,
delivered tire opinion of the court:
Col'berg brought this action of ejectment to- recover of the defendants a strip of land, fronting on Market street, in Chattanooga, running back eighty feet. The verdict and judgment were for the plaintiff, and the defendants took a bill of exceptions, and have appealed in error. The land in controversy is part of the north half of lot No. 61, on Market street, in the block between Eighth and Ninth streets. Daniel Kaylor owned the property, and it was about to be sold by a decree of the chancery court, for the purchase money, when, on the 11th of December, Kay-lor and the defendants, Tan Deman and Dowling, entered into a written agreement., by which the latter agreed that at the sale they would purchase the north twenty feet of said lot 61, at the price of $1,800, Kaylor to convey to them the equity of redemption, and also' one foot front from the lot next adjoining on the north, being lot No-. 59. On the lot thus to be purchased, the defendant agreed with Kaylor, to build a brick house before the 1st of August, lS'fO, at least two stories high. The south wall of said building to be built on said lot, and the land of Kaylor, immediately adjoining on the south, each party giving one-haif of the land on which to build said south wall, which was to be a partnership wall. The sale was made in the month of January, 1869, and the defendants made the purchase according to the foregoing agreement. At the same time, the next thirty feet of said lot adjoining the *19 defendants’ purchase on the south, was sold and purchased by the plaintiff, Colberg, under an agreement made be>tween Naylor and Colberg, for that purpose, Naylor als.o releasing to Colberg, also, the equity of redemption.
In April, after the sale, a modification of the agreement of the 11th of December, 1868, was entered into between the defendants and Colberg, by which the partnership wall referred to, which by the first agreement, was to be eighteen inches thick, was to be only thirteen inches thick above the first story, but certain flues were to be inserted for the use of the building next on the south. The defendants erected their building, and the plaintiff afterwards erected a building on the south, using the south wall of the defendants’ building as a joint Avail. The plaintiff placed his building on the part of the lot purchased by him at said sale, and ten feet more purchased still further south. ITe afterwards sold and conATeyed the property covered by said building, calling for said partnership Avail, and brings this action to recover strip of tAvo and a half feet, including said south or partnership Avail of the defendants’ building, claiming that it was placed two- and one half feet further south than it should have been, OA^er on the thirty-foot lot purchased by Colberg at said sale. It does not appear that the boundaries of the several lots on the street were fixed by any monuments existing at this time. The lines were to be arrived at by measurement, in accordance Avith the plan of the lots as originally laid out, and the starting points for the measurement adopted in making out the plaintiff’s case at the trial, Avere fixed by resorting to other objects and buildings believed to be correctly located, in each side of the lot in question, and some of the measurements Avere made from points some squares distant. By this means the jury were satisfied that the defendants had built their Avail too far south, by two and one-half feet. We Avill not undertake to examine entirely the testimony on this question. It appears, .in proof, that *20 Kaylor owned a building called tbe postoffi.ce building, situated eighty feet from Market street. Dram tbe front of this building, to Market street, was a stone pavement, ten feet wide, and along tbe south edge of this pavement, at tbe time of tbe chancery sale referred to', was a foundation wall above tbe ground, about one foot in width. It is proven by one of the- defendants that tbe clerk and master, in making tbe sale of tbe twenty feet, purchased by tbe defendants, said be would first sell twenty feet, beginning at that point. Tbe clerk and master, however, does not sustain this testimony.
It further appears that in tbe written agreement before referred to, between Kaylor and tbe defendants, it was expressly stipulated that this ten-foot pa\ement, running back to tbe postoffice building, was to be kept open, and tbe defendants were to have tbe privilege of erecting one or more stair cases, on three feet of said pavement, leading into tbe second story of their building, and from tbe second story to erect a balustrade extending four feet over said pavement.
Eroni these stipulations, tbe parties to this agreement might well understand that tbe north line of tbe lot purchased by tbe defendants at said sale, was along tbe south edge of tbe stone pavement referred to. That is, including tbe one foot of lot 59, sold to defendants by Kaylor, in addition, and when they came to locate their building, they measured from that point. It is proven by both of tbe defendants that tbe plaintiff, Colb erg, was present, and assisted in making tbe measurement and fixing the exact locality of tbe partnership wall, and was particular to have i t fixed at tbe proper place, and tbe wall was built on tbe exact line agreed upon. There were at that time some old buildings on bis lot, that proved to be in tbe way, and he bad them removed or cut off, so as to allow this wall to go up. lie was a merchant doing business on Market street, in a few feet of tbe place, and was present almost every *21 day, and saw the wall going up. He put up his building afterwards on the south, and joined .to the wall, out away part of the wall at the corner to fit in a wooden pilaster; afterwards sold his building, calling for tins partition wall, and only made complaint by the bringing of this action the '7th of July, 1874. The plaintiff, Colberg, did not offer himself as a witness to deny any of these facts.
As a further fact, to show that the parties may well have understood the lines in question to be at the place agreed upon, it is proven by Kaylor that he had the postoffice building located by an engineer, so as to put twenty feet of the building on lot 61, the balance on lot 59, and that the south wall of the postoffice building is on a line with the partnership wall in question.
Upon these facts, ought this judgment to stand, conceding that the tine lines of lot 61, by exact measurement, to be as contended for by plaintiff?
■ W e think it ought not. Colberg took the place of Kay-lor, in reference to t,he agreement of the 11th of December, 1868, an actual party thereto, by entering into the written agreement -modifying it.
Under this agreement, the partnership wall was to be erected, one-half of which ws to be on his land and belong to him. This written agreement of the 11th of December, contains very material stipulations going to fix the location of the lots, and when the defendants began to erect their building, they located it in conformity with this description.
Colberg was present, -and not only did not object, but actually took part in making the measurement and fixing the exact location of the partnership wall; he did business .within a few feet of the place during the entire time the house was being erected, and had full knowledge of it. He afterwards built his own house adjoining, using the- partnership wall as a part thereof. At the time the partnership wall was located, the parties had precisely the same means *22 of ascertaining the true line they afterwards ha:d. The exact location of the lines was then uncertain, and is still so. Under these circumstances, when one party can be held no more responsible for the location of their partition wall than the other,' and after the defendants have, at great expense, built their house in conformity with this location, we think the plaintiff ought to be now estopped from asserting a different line, notwithstanding he may have lost two and one-half feet of his lands by claims of other parties adjoining on the other side, which appears to be the case, whether rightfully or not, we cannot decide in this case, both parties being equally responsible for the location of this wall. It will be more in accordance with justice for the plaintiff even to lose his two and one-half feet of ground, than for the. defendants to suffer the greater loss which would result to them, involving, as it might, the great injury to the building. We have not found authority directly applicable to the case, but we think the general and well recognized principle on the subject governs the case.
Let the judgment be reversed, and a new trial awarded.